Wesley GRIFFIN *v.* STATE of Arkansas

CA CR 88-20                                           755 S.W.2d 574

Court of Appeals of Arkansas
Division I
Opinion delivered August 24, 1988
[Rehearing denied September 7, 1988.]

*Daniel D. Becker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Garland County Circuit Court. Appellant, Wesley Griffin, appeals his conviction of interference with a law enforcement officer with the use of a firearm, a violation of Arkansas Code Annotated § 5-54-104 (1987) (formerly Ark. Stat. Ann. § 41-2804 (Repl. 1977)), and the sentence imposed therefor. We affirm.

An information was filed June 11, 1987, charging appellant with interference with a law enforcement officer and criminal trespass in that he did unlawfully, feloniously and knowingly employ and use deadly physical force against a law enforcement officer employing a firearm in furtherance of said felony. Further, the information charged that appellant did unlawfully and purposely enter the premises of another person against the peace and dignity of the State of Arkansas. Prior to trial, the State nolle prossed the criminal trespass charge.

Before arraignment, appellant filed a notice putting into

issue his fitness to proceed and that he would rely on the defense of mental disease or defect. On the same day, appellant filed a motion requesting a court-ordered mental examination at the state hospital.

A hearing was held on appellant's motion, and the court ordered that appellant undergo a preliminary evaluation at the Ouachita Regional Mental Health Center due to the extended delay required for admission to the state hospital. In the court's examination order, the center was directed to make a written report and findings in accordance with Arkansas Code Annotated § 5-2-305(d) (Supp. 1987) (formerly Ark. Stat. Ann. § 41-605(4) (Repl. 1977)). After examination and in response, the center wrote a letter stating that they were "unable to come up with a consensus" in answering the questions posed and recommended a complete evaluation at Rogers Hall.

At the arraignment on August 6, 1987, the court directed that appellant be examined at the state hospital because of the health center's recommendation. Following an exchange of inquiries and responses with appellant, the court allowed appellant to withdraw his defense of mental defect and set a hearing date for the trial.

On September 2, 1987, a pre-trial hearing was conducted in chambers on the morning of trial to determine if appellant was mentally capable to withdraw his incompetency defense and for consideration of another matter not pertinent to this appeal. After finding appellant competent to withdraw his defense, the trial ensued. Appellant was found guilty as charged by the jury and sentenced to ten (10) years imprisonment.

Lack of mental capacity is an affirmative defense. Ark. Code Ann. § 5-2-312 (1987) (formerly Ark. Stat. Ann. § 41-601 (Repl. 1977)). Affirmative defenses can be withdrawn; however, the inherent nature of the mental defect defense, once asserted, requires the court to examine closely a defendant's ability to take his competency out of issue. Although appellant argues the trial court erred in finding him fit to proceed and continuing with trial, we must first determine whether the court erred in allowing appellant to withdraw his affirmative defense of mental disease or defect. This presented a question of fact for the trial court and it is well settled that findings of fact by a trial judge

will not be set aside by this court unless clearly erroneous. *Arkansas Blue Cross and Blue Shield, Inc.* v. *Fudge*, 12 Ark. App. 11, 669 S.W.2d 914 (1984). Thus, on appeal our inquiry is whether the court was clearly erroneous in allowing the withdrawal of the incompetency defense and proceeding to trial. The record supports the fact that the court did not err in this regard.

At the arraignment in the case at bar, the court generally acknowledged that the case could not proceed to trial on the basis of the health center's letter and for that reason directed that appellant be taken to Rogers Hall for a complete mental evaluation. At that time, appellant expressed his wish to withdraw his defense and the court advised him that whether or not to proceed with his defense was a decision only he and his attorney could make and thereupon gave them time to confer. When the arraignment continued, the court allowed the withdrawal and found appellant fit to proceed.

■ Appellant argues under *Pate* v. *Robinson*, 383 U.S. 375 (1966) that the health center's letter created a "bona fide doubt" as to his competency to stand trial. In *Pate*, the Supreme Court held that the defendant was constitutionally entitled to a hearing on the issue of his competency to stand trial because the facts and evidence presented to the trial court raised a "bona fide doubt" as to the defendant's competency as is required under Illinois statutory law. We agree that in the instant case the health center's letter may have created a bona fide doubt as to appellant's competency. However, such an argument is misplaced since the court, in the case at bar, conducted a hearing prior to trial which complied with the procedural due process requirements set out in *Pate*. During a pre-trial hearing on the morning of trial, the court considered the propriety of appellant's withdrawal of his incompetency defense before allowing the case to proceed.

■ On the record before us, the trial court properly allowed appellant to withdraw his defense. The court had appellant before him at two separate hearings and observed his demeanor, made inquiry of him, and considered his responses. A review of appellant's testimony at various stages of this case, supports the court's allowance of the withdrawal. Not only did appellant inform the court that he was able to cooperate and discuss his

case, witnesses, and defenses with his attorney; he emphatically stated his desire not to go to Rogers Hall but to proceed to trial. Upon this basis, the trial court found appellant fit to proceed and we cannot say the court was clearly erroneous in allowing appellant to withdraw his incompetency defense prior to trial.

Furthermore, under Arkansas Code Annotated § 5-2-305(a)(2) (1987) (formerly Ark. Stat. Ann. § 41-605)(1)(b) (Repl. 1977)), the court may raise the incompetency defense on its own at any time it has "reason to doubt" a defendant's fitness to proceed. Here, an examination of the record reveals that the court saw nothing which gave it reason to doubt appellant's fitness to proceed. At trial, appellant participated in his own defense, testified regarding the events which gave rise to his arrest, and was cross-examined by the State. Upon this record, appellant has failed to demonstrate that he was prejudiced by the court finding him fit to proceed and continuing with the trial.

Affirmed.

CRACRAFT and COOPER, JJ., agree.